OPINION
Caleb Reed Riley, born November 12, 1996, the child at issue in this case, is the natural child of Marcella Riley Sealock. In Case No. 98A76, Appellees, Michael and Amy Slivka, filed a Petition for Adoption of the minor child, Caleb. On September 8, 1998, Appellant, Marcella Riley Sealock, filed a consent to said adoption. An agreed entry granting temporary custody to the appellees was also filed on September 8, 1996. On November 19, 1998, Appellant withdrew her consent to the adoption and said case was dismissed by the Court. On November 24, 1998, Appellees filed a Complaint for Custody with the Morgan County Court of Common Pleas, Juvenile Division, Case NO. 98J262. Three hearing were held in this matter, with the final trial of the custody being completed on February 25, 2000. On August 16, 2000, the trial court filed Findings of Fact and Conclusions of Law and the entry granting custody to the appellees, finding that appellant is an unsuitable parent and that the award of custody to her would be detrimental to the child. The appellant, Marcella Riley Sealock, filed an appeal citing the following Assignment of Error:
 A NATURAL PARENT HAS THE PARAMOUNT RIGHT TO CUSTODY, WHICH IS NOT FORFEITED IN THE ABSENCE OF PROOF BY A PREPONDERANCE OF THE EVIDENCE THAT THE PARENT IS UNSUITABLE
Appellant claims the trial court's determination that she was unsuitable to parent and that the best interests of the child warranted an award of custody to appellees was against the manifest weight of the evidence. We disagree. This case involves a custody dispute between the child's mother and Michael S. Slivka and Amy Slivka, who are not relatives of the child. In the case of In re Perales (1977),52 Ohio St.2d 89, 369 N.E.2d 1047, the Supreme Court of Ohio reviewed a child custody proceeding between a parent and a nonparent and issued the following syllabus: In an R.C. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability-that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child.
In Perales at 98-99, 369 N.E.2d 1047, Justice Herbert Brown further explained the following: It is the last criteria, other unsuitability, which allows the court to balance the interests of parent and child and avoid operating under the premise criticized in Boyer v. Boyer, supra, at page 87, that `the child's right to a suitable custodian and parental rights, when not in harmony, are competing interests, requiring that one give way to the other.' (Emphasis added.)
If courts dealing with the general concept of suitability measure it in terms of the harmful effect of the custody on the child, rather than in terms of society's judgment of the parent, the welfare of the child should be given the priority which is called for in the Clark opinion. Once the court determines that parental custody would be detrimental to the child, it must indicate that a preponderance of the evidence militates against parental custody by making a finding of unsuitability. The scope of our review is limited to determining if the record supports the finding of unsuitability and that the interests of the child is best served in the custody of appellees. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. The trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993),66 Ohio St.3d 610, 614 N.E.2d 742. Perales specifically states that "unsuitability" can be shown by demonstrating that an award of custody to the parent would be detrimental to the child. Perales, at syllabus. The trial court, in its judgment entry, specifically made findings of fact that a change of custody would have a detrimental effect on Caleb at this time. This finding is supported by competent, credible evidence in the record: the guardian ad litem's report and recommendation; the influence exerted over Appellant by her mother(T. at 103, 118, 120 2/25/00), Linda Wharton including her orchestration and endorsement of the adoption in this matter (T. at 44-53, 2/25/00); Linda Wharton's continual criticism and verbal abuse of appellant as well as her health status as Appellant indicated that Linda Wharton would be the responsible for taking care of Caleb when she returns to college (4/6/00 GAL report, P. 17); statements made by appellant that she wants Caleb back because she always wanted three children and that if he is not returned to her that she will get pregnant again so that she will can achieve her goal of having three children (4/6/0 GAL report, P. 15); the financial status of the respective parties; the fact that Caleb has spent the last 24 months with appellees and has bonded with them; the fact that appellant did not have any contact with Caleb for several months after his temporary custody placement with appellees; the psychological evaluations of appellants (T. at 9-80, 11/30/99); appellant's history of psychological and behavioral problems (T. at 37, 70-72,122-123, 2/25/00); and appellant's husband's domestic violence conviction (T. at 303, 2/25/00). We further find the trial court did not fail to properly consider appellant's rights as a parent in making its custody determination. The court recognized the importance of including appellant in Caleb's life and stated that standard visitation rights be granted to the mother in its judgment entry dated August 16, 2000. Consequently, we find the trial court's conclusion that appellant is unsuitable under In Re Perales (1977), 52 Ohio St.2d 89
to be supported by competent, credible evidence in the record.
Accordingly, appellant's assignment of error is overruled The judgment of the Court of Common Pleas of Morgan County, Ohio, Juvenile Division is affirmed.
 ___________ Boggins, J.
Hoffman, P.J. and Wise, J.